IN  THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JAMARL D. WILSON,                              *

v.                                             *   CIVIL ACTION NO. PWG-14-983

J. MICHAEL STOUFFER, *et al.*,                 *
                                           ******

## MEMORANDUM OPINION

On March 26, 2014, Petitioner Jamarl D. Wilson filed the pending 28 U.S.C. § 2254 habeas corpus application attacking his conviction for armed robbery, theft, and first degree sexual offense entered in 2004 in the Circuit Court for Baltimore City.[1]   ECF No. 1. Respondents filed a Response that solely addresses the timeliness of Petitioner's application. ECF No. 5. Petitioner has filed a Reply and a Supplement to his Reply. ECF Nos. 6 & 8.

Petitioner pleaded guilty on March 2, 2004, in the Circuit Court for Baltimore City, Maryland to three counts of armed robbery, four counts of theft, and one count of a first degree sexual offense. Resp. Ex. 1, ECF No. 5-1. On July 29, 2014, he was sentenced to a total term of imprisonment of forty-six years. *Id.*  He did not file an application for leave to appeal the entry of guilty plea and sentence. *Id.*  Accordingly, his convictions became final on August 30, 2004, when the time for seeking further review expired. *See* Md. Code Ann., Cts. & Jud. Proc. § 12-302(e) (appeal of guilty plea is by way of application for leave to appeal); Md. Rule 8-204(b) (application for leave to appeal to be filed within 30 days after entry of judgment or order from which appeal is sought).

On September 3, 2010, Petitioner submitted a collateral attack on his conviction pursuant to the Maryland Uniform Post-Conviction Procedure Act, Md. Code Ann., Crim. Pro. § 7-102, *et*

---

[1] The Petition, received on March 31, 2014,  is dated March 26, 2014, and is deemed filed on that date.

*seq.* Resp. Exs. 1 & 2, ECF Nos. 5-1 & 5-2.    The Petition was denied on February 1, 2012. *Id.*

Ex. 1. Petitioner's application for leave to appeal the denial of post-conviction relief was denied

by the Court of Special Appeals of Maryland on January 23, 2014.  The court's mandate issued

on February 25, 2014. *Id.* Ex. 3, ECF No. 5-3.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides a one-year

statute of limitations in non-capital cases for those convicted in a state case.   28 U.S.C.

§ 2244(d).[2]    This one-year period is tolled, however, while properly filed post-conviction

proceedings are pending and may otherwise be equitably tolled.  *See* 28 U.S.C. § 2244(d)(2); *Harris*

*v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000); *Gray v. Waters*, 26 F. Supp. 771, 771-72 (D.

Md. 1998).

---

[2]This section provides:

>  (1)    A 1-year period of limitation shall apply to an application for a writ of
>  habeas corpus by a person in custody pursuant to the judgment of a State court.
>  The limitation period shall run from the latest of-
>
>>  (A)    the date on which the judgment became final by the
>>  conclusion of direct review or the expiration of the time for seeking
>>  such review;
>>  (B)    the date on which the impediment to filing an application
>>  created by State action in violation of the constitution or laws of the
>>  United States is removed, if the applicant was prevented from filing by
>>  such State action;
>>  (C)    the date on which the constitutional right asserted was initially
>>  recognized by the Supreme Court, if the right has been newly
>>  recognized by the Supreme Court and made retroactively applicable to
>>  cases on collateral review; or
>>  (D)    the date on which the factual predicate of the claim or claims
>>  presented could have been discovered through the exercise of due
>>  diligence.
>
>  (2)    the time during which a properly filed application for State post-
>  conviction or other collateral review with respect to the pertinent judgment or
>  claim is pending shall not be counted toward any period of limitation under this
>  subsection.

The statute of limitations began to run in Petitioner's case on August 30, 2004 and expired on August 30, 2005. Petitioner had no properly filed post-conviction proceedings pending during that time that would have served to statutorily toll the limitations period.

In *Holland v. Florida*, 560 U.S. 631, 634 (2010), the Supreme Court concluded that equitable tolling applies to the AEDPA's statute of limitations. The Court found that in order to be entitled to equitable tolling, the movant must show (1) that he has diligently pursued his rights and (2) that some extraordinary circumstance prevented the timely filing. *Id.* at 649. The question of whether equitable tolling applies hinges on the facts and circumstances of each particular case. *See Harris*, 209 F.3d at 329-30.[3]

Petitioner indicates that he was not advised of his right to file an application for leave to appeal his guilty plea or sentencing. ECF Nos. 6 & 8. To the extent Petitioner claims that his delay in filing were occasioned by his lack of awareness of the law and poor advice of counsel, such a claim is unavailing to serve to equitably toll the limitations period. Petitioner's status as a self-represented litigant and any attendant lack of knowledge of the law is not the type of extraordinary circumstance which would justify equitable tolling. *See Barrow v. New Orleans S.S. Ass'n*, 932 F. 2d 473, 478 (5th Cir. 1991) (refusing to apply equitable tolling where the delay in filing was the result of petitioner's unfamiliarity with the legal process or his lack of legal representation). Equitable tolling only applies "in 'those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party.'" *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) (quoting *Harris*, 209 F.3d at 330). In short, Petitioner's arguments for equitable tolling are not

---

[3] *See also Lusk v. Ballard*, 2010 WL 3061482 (N.D.W. Va. 2010) (holding Fourth Circuit's test for equitable tolling, as set forth in *Harris*, remains virtually unchanged after *Holland*.)

compelling. *See Rouse v. Lee*, 339 F.3d 238, 248-49 (4th Cir. 2003) (negligent mistake by party's counsel in interpreting AEDPA statute of limitations does not present extraordinary circumstances warranting equitable tolling); *Smith v. McGinnis*, 208 F.3d 13, 18 (2nd Cir. 2000) (self-represented status does not establish sufficient ground for equitable tolling); *Felder v. Johnson*, 204 F.3d 168, 171-73 (5th Cir. 2000) (lack of notice of AEDPA amendments and ignorance of the law are not rare and exceptional circumstances that warrant equitable tolling); *Francis v. Miller*, 198 F. Supp. 2d 232, 235 (E.D.N.Y. 2002) (ignorance of the law and legal procedure is not so exceptional as to merit equitable tolling). Therefore, the Petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d).

Under the amendments to Rule 11(a) of the Rules Governing Proceedings under Section 2254 "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant...If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." In *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), the Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA [certificate of appealability] should issue when the prisoner shows, at least, that . . . jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Petitioner does not satisfy this standard, and the Court declines to issue a certificate of appealability.

A separate Order follows.

_____
Date

_____
Paul W. Grimm
United States District Judge

4